UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Cause No. 1:14-cr-02354-JB

KEVIN FOLSE,

    Defendant.

## **DEFENDANT'S PROPOSED JURY INSTRUCTION**

    Defendant, Kevin Folse, by his attorney, The Law Office of Ryan J. Villa, by Ryan J. Villa, requests the Court give the following jury instruction, and any others that may be appropriate, in support of his defense.

1. Good Faith Defense.

# DEFENDANT KEVIN FOLSE'S REQUESTED INSTRUCTION NO. 1

(1) The good faith of the defendant is a complete defense to the charges of conspiracy and wire fraud contained in Counts 1 - 17 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(2) A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable for conspiracy or wire fraud merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(3) A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(4) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(5) The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(6) If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

Sixth Circuit Criminal Pattern Jury Instructions 10.04 (2014), adapted

*United States v. Janusz*, 135 F.3d 1319, 1332 (10th Cir. 1998) ("A defendant is entitled to a good faith instruction when he has interposed the defense of good faith, has requested the instruction, and when there is sufficient evidence to support it.") (citing *United States v. Hopkins*, 744 F.2d 716, 717 (10th Cir.1984); *overruled by United States v. Bowling*, No. 08-6184, 2009 WL 6854970 (10th Cir. 2009) (unreported); *but see United States v. Bowling*, 619 F.3d 1175, 1183-84 (10th Cir. 2010) (holding good-faith instruction not required if jury instructions adequately instructed on elements of fraud).

Respectfully submitted,
The Law Office of Ryan J. Villa

*Ryan J. Villa*
RYAN J. VILLA
Counsel for Kevin Folse
2501 Rio Grande Blvd NW Suite A
Albuquerque, New Mexico 87104
(505) 639-5709
ryan@rjvlawfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

SAMUEL HURTADO
Assistant United States Attorney
US Attorney's Office
samuel.a.hurtado@usdoj.gov

/s/
RYAN J. VILLA